IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DODSON AVIATION, INC.,

    Plaintiff,

vs.                          Case No. 10-4036-JTM

ORLANDO PADRON, ET. AL.,

    Defendants.


MEMORANDUM AND ORDER

Presently before the court is plaintiff's Objection to Magistrate's Order (Dkt. No. 51). Magistrate Judge, James P. O'Hara entered an Order (Dkt. No. 50) on September 30, 2010, granting in part and denying in part, plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 39). Pursuant to Fed. R. Civ. P. 72(b) and Local Rule 72.1.4(b), plaintiff filed a written objection to part of the magistrate's Order. When resolving such objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

Plaintiff objects to the portion of the Order requiring that the words "should have known" be struck from paragraphs 28 and 29 of plaintiff's proposed Amended Complaint. Specifically, plaintiff argues that, under Kansas law, a claim for abuse of process does not require a "knowingly" improper use of process but rather also permits a claim if defendants "should have known" they were making an improper use of process. After a review of the pertinent Kansas case law, the magistrate

judge found that "knowingly" was an element of an abuse of process claim. Because plaintiff's proposed amendment was not supported by Kansas law, the magistrate found that an amendment based on the "should have known" language would be futile and denied plaintiff's Motion for Leave to Amend Complaint on this ground. A court may deny leave to amend if the amendment would be futile. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). For the following reasons this court agrees with the magistrate judge's disposition.

The magistrate judge primarily relied on *Thomas v. City of Baxter Springs*, 369 F. Supp.2d 1291 (D. Kan. 2005), to conclude that knowledge is an element of an abuse of process claim. The *Thomas* court stated, "[t]he essential elements of the action for abuse of process are a knowingly illegal or improper use of the process done for the purpose of harassing or causing hardship, which resulted in damage to the plaintiff." *Id.* at 1299 ((citing *McShares, Inc. v. Barry*, 266 Kan. 479, 970 P.2d 1005 (1998)) (citing *Porter v. Stormont-Vail Hosp.*, 228 Kan. 641, 653-54, 621 P.2d 411 (1980))). Both cases upon which the *Thomas* court relied in formulating its rule are Kansas Supreme Court cases. In *McShares*, the court explicitly stated that "knowingly" is an element of an abuse of process claim. 266 Kan. at 494, 970 P.2d at 1015. In *Porter*, the court stated the rule as follows: "'(T)wo elements are necessary to an action for malicious abuse of process, one the existence of an ulterior purpose, and second, an act in the use of such process not proper in the regular prosecution of the proceeding.'" 228 Kan. at 646, 621 P.2d at 415 (quoting *Welch v. Shepherd*, 169 Kan. 363, 366, 219 P.2d 444, 447 (1950)). Plaintiff argues that knowledge is not an essential element of an abuse of process claim and that both *McShares* and *Thomas* incorrectly stated the rule. As an initial

2

matter, this court acknowledges that to the extent one Kansas Supreme Court case conflicts with another, the later in time prevails and the former is overruled. *See Brown v. State*, 261 Kan. 6, 14, 927 P.2d 938, 943 (1996). Therefore, if, as plaintiff alleges, *McShares* does state a claim for abuse of process that is different from *Porter*, the *McShares* standard is binding precedent because it is the most recent Kansas Supreme Court case to address the rule. This conclusion is further strengthened by the fact that several courts since *McShares* have held that "knowingly" is an element of an abuse of process claim in Kansas. *See, e.g.*, *How v. City of Baxter Springs*, 369 F. Supp.2d 1300, 1308 (D. Kan. 2005); *Thomas*, 369 F. Supp.2d at 1299; *Schmeilder v. Drees*, No. 89,251, 2003 WL 21948155, at *7 (Kan. Ct. App. Aug. 8, 2003). In addition to the above cases, Kansas pattern jury instructions include knowledge in an abuse of process claim. PIK-CIVIL 4th § 127.8 states:

> The essential elements required to sustain an action for abuse of process are:
> 1 That the defendant made an (illegal) (improper) (unauthorized) use of the process; and
> 2 That the defendant had *knowledge* of the (illegal) (improper) (unauthorized) use of the process; and
> 3 That it was done for the purpose of (harassing) (causing great inconvenience) (causing great hardship) to the plaintiff; and
> 4 That the plaintiff sustained damage as a result.

*Id.* (emphasis added). Therefore, for the above reasons, it is clear that Kansas law requires "knowledge" as an element of an abuse of process claim.

Plaintiff concedes that if there is any "knowledge" component, it is nothing more than a requirement that the defendant committed a willful act rather than an accidental or merely negligent one. Plaintiff bases this argument on the Tenth Circuit's statement of the Kansas abuse of process rule in *Tappen v. Ager*, 599 F.2d 376, 379-81 (10th Cir. 1979). In *Tappen*, the court stated the rule for abuse of process as follows: "[F]irst, that there must have been an ulterior purpose in the filing of the action or in the use of whatever process was employed . . . Second, it

is necessary to have a willful act in the use of the process, one not proper in the course of the regular conduct of the proceeding." *Id.* at 379-80. As stated above, the *McShares* formulation of the rule is binding in Kansas, and to the extent the rule in *Tappen* differs from this rule, it is not binding precedent for establishing the Kansas rule of abuse of process. *See Vanover v. Cook*, 260 F.3d 1182, 1186 (10th Cir. 2001) ("'As a federal court sitting in diversity of citizenship litigation, our duty under *Erie v. Tompkins* principles is of course to conform to [Kansas's] substantive law.'") (quoting *Stauth v. Nat'l Union Fire Ins. Co. of Pittsburg*, 236 F.3d 1260, 1267 (10th Cir. 2001)). Further, this court does not believe there is an important difference between a "willful" act and one done with "knowledge" for the purposes of an abuse of process claim. Both require a culpable state of mind that is beyond "should have known," which plaintiff claims is an appropriate element of the claim. Plaintiff's argument that defendant only need to commit a willful act is unpersuasive.

Therefore, after fully analyzing the magistrate judge's Order and pertinent law, this court finds that the magistrate judge's disposition of this issue was appropriate. Kansas law requires knowledge for an abuse of process claim, and the magistrate judge properly denied the plaintiff's proposed amendment seeking to insert an alternate "should have known" element. Any attempt by plaintiff to seek recovery based on a "should have known" standard would be subject to dismissal; thus, an attempt to amend the Complaint to insert such words is futile and will not be allowed.

IT IS ACCORDINGLY ORDERED this 8th day of December 2010, that plaintiff's Objection to Magistrate's Order (Dkt. No. 51), is denied.

                                                    s/J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE