IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DODSON AVIATION, INC.,

        Plaintiff,

vs.                    Case No. 10-4036-JTM

ORLANDO PADRON, ET. AL.,

        Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on defendants Orlando Padron, Javier Jorda, and HLMP Aviation Corporation's Renewed Motion for Summary Judgment on Conversion Claim (Dkt. No. 62) and plaintiff's Memorandum in Opposition to Renewed Motion for Summary Judgment on Conversion Claim and Cross-Motion for Partial Summary Judgment (Dkt. No. 65). Defendants executed an Ex Parte Temporary Injunction Order on March 19, 2008, seizing a Beech King Air 200 from plaintiff Dodson Aviation, Inc., who had a valid mechanic's lien on the plane. On November 25, 2009, the Kansas Supreme Court, in *Padron v. Lopez*,[1] held that the Temporary Injunction was not entitled to full faith and credit. At issue here is whether defendants' possession of the King Air after the Kansas Supreme Court's decision constitutes a conversion under Kansas law. This court holds that it does. The *Padron* decision put defendants on notice that their continued possession of the King Air was not authorized. And Dodson never consented to removal of the King Air.

---

[1] *Padron v. Lopez*, 289 Kan. 1089, 220 P.3d 345 (2009).

**I. Findings of Fact**

The court set out the detailed facts of this case in its Memorandum and Order (Dkt. No. 60).

Consequently, the court will briefly summarize the facts pertaining to this motion only. On March

22, 2011, this court granted in part and denied in part the defendants' motions for summary

judgment. Regarding the remaining three defendants, the court granted summary judgment on

Dodson's abuse of process claim, but denied summary judgment on the conversion claim "to the

extent failure to return the property [was] unauthorized" after the Kansas Supreme Court's decision

in *Padron v. Lopez. See* Dkt. No. 60, pg. 34. Defendants now present the following uncontroverted

facts in support of their renewed motion:

> 5. The Florida court has not issued any orders subsequent to the entry of the Ex Parte
> Temporary Injunction that order HLMP or Padron to return possession of the King
> Air to Dodson Aviation. HLMP still has custody and possession of the plane in
> Florida pursuant to the Florida Ex Parte Temporary Injunction.
> 6. Except for the order of the Franklin County, Kansas District Court which was
> vacated by the Kansas Supreme Court's November 25, 2009, opinion, Padron and
> HLMP have never been ordered by any court to return the King Air to Dodson
> Aviation.

Dkt. No. 63, pg. 5. Dodson responded and provided support for its motion by showing that it never

authorized defendants to remove and retain the King Air. Dodson also demanded defendants return

the King Air after the Kansas Supreme Court's decision.

**II. Legal Standard: Summary Judgment**

The court recited the summary judgment standard in its previous Order (Dkt. No. 60), and

it need not be repeated here.

2

### III. Conclusions of Law

Defendants contend they are not liable for conversion because the Temporary Injunction granted them the authority to remove the King Air and that order has not been challenged or vacated in Florida. Defendants further contend the Kansas Supreme Court's decision in *Padron v. Lopez*, that the Temporary Injunction was not entitled to full faith and credit, does not affect its continuing validity. Thus, because the Temporary Injunction order remains in effect in Florida, Dodson's conversion claim must fail. Dodson argues that defendants' good faith reliance on the Florida order is not a defense to its conversion claim. And, even if it were, that good faith expired when the Kansas Supreme Court announced the *Padron* decision. Dodson believes the viability of its conversion claim hinges on the validity of the Temporary Injunction in Kansas. Because *Padron* held the Florida order was not entitled to full faith and credit, defendants' possession of the King Air is unauthorized, thus, constituting a conversion. Determination of this issue requires further analysis of *Padron* and Kansas conversion law.

#### A. Padron v. Lopez

*Padron* contained three specific holdings relevant to the issue before this court. First, the court held the Temporary Injunction issued in Florida was not entitled to full faith and credit in Kansas and not subject to enforcement under the Foreign Judgments Act. *Padron v. Lopez*, 289 Kan. 1089, 1102-03, 220 P.3d 345, 355 (2009).

Second, the court held that the Kansas district court lacked subject matter jurisdiction to order return of the aircraft, to order an additional injunction bond, and to consider a counterclaim because "once the court refused to allow the registration of the foreign judgment, it essentially

dismissed the action and lost subject matter jurisdiction to take any further action." *Id.* at 1106, 220 P.3d at 357.

Finally, the court held the district court did not abuse its discretion by refusing to recognize the Florida judgment as a matter of comity to the extent it altered rather than preserved the status quo. *Id.* at 1109, 220 P.3d at 359. But the court stated "the portion of the Florida court injunction prohibiting 'selling, transferring, transporting, encumbering, auctioning, and operating' was consistent with the purpose of preserving the status quo, and enforcement of that portion of the order would have been consistent with both public policy and comity." *Id.*[2]

### B. Conversion Under Kansas Law

As stated in the court's prior summary judgment order, "[a] conversion [under Kansas law] is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another." *Schofield Bros., Inc. v. State Farm Mut. Auto. Ins. Co.*, 242 Kan. 848, 850, 752 P.2d 661, 662 (1988) (alterations added) (citing *Nelson v. Hy-Grade Constr. & Materials, Inc.*, 215 Kan. 631, 634, 527 P.2d 1059, 1061 (1974)). There is no question that a conversion claim includes wrongful retention of property to the exclusion of the party with the superior property right. *See Queen v. Lynch Jewelers, L.L.C.*, 30 Kan. App.2d 1026, 1036, 55 P.3d 914, 921 (2002) ("A conversion may be based upon the detention or unreasonable withholding of possession from one who has the right to possess it."). Further, the holder of a valid mechanics lien has a superior possessory right against the owner of the property—at least until the lien is paid. *See Farrell v.*

---

[2]The court also held that Dodson's failure to serve Padron personally with the district court's order to appear and show cause voided the $2500 contempt fine issued against Padron. *Padron*, 289 Kan. at 1106, 220 P.3d at 357. This holding is not relevant to the current matter.

*General Motors Corp.*, 249 Kan. 231, 245, 815 P.2d 538, 549 (1991) (citing *State v. Etape*, 237 Kan. 380, 383, 699 P.2d 532, 534 (1985)).

Here, Dodson had a valid mechanics lien on the King Air. *See Dodson Aviation, Inc. v. HLMP Aviation Corp., et al.*, No. 08-4102, Dkt. No. 202, at 36. Although defendants own the King Air, Dodson's mechanic's lien gives it the superior possessory interest. Thus, it is clear that defendants have possession of the King Air to the exclusion of Dodson—the party with the superior property right. The only matter to be decided is whether defendants' current possession of the King Air is "wrongful," or "unauthorized."

Dodson first argues that defendants are liable for conversion because good faith possession is not a defense to a conversion claim. "'Under Kansas law, conversion is a strict liability tort.'" *Snider v. MidFirst Bank*, 42 Kan. App.2d 265, 270, 211 P.3d 179, 183 (2009). "The required intent is shown by the use or disposition of property belonging to another, and knowledge or ignorance as to ownership of the property is irrelevant." *Millennium Fin. Servs., L.L.C. v. Thole*, 31 Kan. App.2d 798, 808, 74 P.3d 57, 64 (2003). But "[i]t is a general rule of tort law that court orders validate actions that would otherwise constitute intentional property torts such as conversion and trespass." *Whitehead v. Allied Signal, Inc.*, 1998 WL 874868, at *2 (10th Cir. 1998) (citing RESTATEMENT (SECOND) OF TORTS § 266 (1965)); *see also Herndon v. City of Park City, Kan.*, No. 07-1065, 2007 WL 2746795, at *4 (D. Kan. Sept. 20, 2007). "One is privileged to commit acts which would otherwise be a trespass to a chattel or a conversion when he acts pursuant to a court order which is valid or fair on its face." *Herndon*, 2007 WL 2746795, at *4 (citing RESTATEMENT (SECOND) OF TORTS § 266). A court order is valid or fair on its face if it meets three requirements: "(1) it must be regular in form, (2) it must be issued by a court having authority to issue the particular order and

having jurisdiction over the personal property described in it, and (3) all proceedings required for its proper issuance must have duly taken place." *Am. States Ins. Co. v. Citizens Fidelity Bank & Trust Co.*, 662 S.W.2d 851, 853 (Ky. App. 1983); *see also* RESTATEMENT (SECOND) OF TORTS § 266, cmt. b.

> *C. Defendants' Possession of the King Air After the Kansas Supreme Court's Decision Constitutes a Conversion*

Here, the Temporary Injunction authorizing removal of the King Air was fair on its face. It was regular in form and all necessary proceedings for its issuance were followed. Additionally, the Florida Circuit Court determined it had jurisdiction over the King Air. Presently, Dodson has not challenged the validity of that order in the Florida courts. The Temporary Injunction was issued on March 18, 2008, and was registered and executed in Franklin County, Kansas the next day. As this court held in its previous Order, "[t]he court's holding in *Padron* does not mean that the removal of the King Air was unauthorized [when the Temporary Injunction was executed]. Therefore, plaintiff's conversion claim from the time defendants removed the King Air until the Kansas Supreme Court's holding in *Padron* must fail." (alterations added).

The Kansas Supreme Court addressed the propriety of registering and executing the Temporary Injunction in its Opinion on November 25, 2009. As noted above, *Padron* held only that the Temporary Injunction was not entitled to full faith and credit in Kansas. It did not and could not determine whether the Florida court had authority to enter the Temporary Injunction in the first instance. Nevertheless, defendants cannot hide behind the argument that because the Temporary Injunction was fair on its face when issued, and has yet to be declared invalid by a Florida court, it

cannot be liable for conversion. This argument places form over substance. The Kansas Supreme Court's decision left little in doubt as to the validity of the Temporary Injunction in Kansas. That the Order was, and is, still valid in Florida does not mean defendants' current possession is "authorized." The *Padron* court held that because the Temporary Injunction was not entitled to full faith and credit it should not have been registered and executed in Kansas. Thereafter, defendants' previously privileged possession of the King Air by virtue of the Florida order became unauthorized under Kansas law.  And Dodson never consented to defendants' possession.

Dodson has a superior possessory interest in the King Air because of its mechanic's lien. Defendants' possession of the King Air since November 25, 2009, to the exclusion of Dodson, constitutes a conversion. Therefore, the court grants summary judgment in favor of Dodson on its conversion claim as to defendants' liability only.

IT IS ACCORDINGLY ORDERED this 21st day of December 2011, that plaintiff's Memorandum in Opposition to Renewed Motion for Summary Judgment on Conversion Claim and Cross-Motion for Partial Summary Judgment (Dkt. No. 65) is granted.

IT IS FURTHER ORDERED that Orlando Padron, Javier Jorda, and HLMP Aviation Corporation's Renewed Motion for Summary Judgment on Conversion Claim (Dkt. No. 62) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE