IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DODSON AVIATION, INC.,

    Plaintiff,

vs.                              Case No. 10-4036-JTM

ORLANDO PADRON, ET. AL.,

    Defendants.

MEMORANDUM AND ORDER

This matter comes to the court on the defendants Orlando Padron, Javier Jorda, and HLMP Aviation Corporation's Motion for Relief From Order Granting Summary Judgment on Conversion Claim, or in the Alternative, Motion for Order Allowing Interlocutory Appeal (Dkt. No. 69).[1] The defendants contend that this court violated Fed. R. Civ. P. 56 by granting Dodson's Cross Motion for Summary Judgment without allowing them an opportunity to respond, that Florida law rather than Kansas law applies to the conversion claim, and that no conversion occurred under Florida law. For the following reasons, the court grants the Motion. The court vacates its earlier Memorandum and Order (Dkt. No. 68) and grants defendants until September 21, 2012, to file a response to Dodson's Cross-Motion for Partial Summary Judgment. Dodson shall have until October 5, 2012, to file its Reply. In addition to addressing the merits of the conversion claim, the parties should also discuss the effect of the lien foreclosure suit on this case, if any, and the ongoing Florida case in light

---

[1] Because the Tenth Circuit has dismissed the appeal of the lien foreclosure judgment, the defendants have withdrawn their Motion for Order Allowing Interlocutory Appeal. *See* Dkt. No. 72, at 5.

of *Younger v. Harris*.

**I. Factual Background**

The parties and the court are well aware of the facts that form the basis of the parties' dispute. But the court will briefly summarize the procedural posture of the case as it relates to the present Motion. On March 22, 2011, the court granted in part and denied in part the defendants' motions for summary judgment. The court denied the defendants' motion on the conversion claim "to the extent the failure to return the property [was] unauthorized" after the Kansas Supreme Court's decision in *Padron v. Lopez*. *See* Dkt. No. 60, at 34. The defendants filed a renewed Motion for Summary Judgment on Conversion Claim (Dkt. No. 62) presenting additional facts and Dodson responded and filed a Cross-Motion for Partial Summary Judgment (Dkt. No. 65), also presenting additional facts. After reviewing the Motions and the Response, the court determined that a Reply was unnecessary. *See* Dkt. No. 66. The court proceeded to grant Dodson's Cross-Motion for Partial Summary Judgment on December 22, 2011. *See* Dkt. No. 68. In granting the Motion, the court analyzed the Kansas Supreme Court's decision in *Padron v. Lopez* and Kansas conversion law and concluded that the defendants' possession of the King Air after the Kansas Supreme Court's decision in *Padron* on November 25, 2009, constitutes a conversion. Dkt. No. 68, at 7.

There have also been developments in the related lien foreclosure suit, *Dodson Aviation, Inc. v. HLMP Aviation Corp., et at.*, No. 08-4102 (District of Kansas), and the Florida case *Padron v. Lopez, et al.*, No. 08-14466-CA-23 (Circuit Court of Miami-Dade County, Florida). On December 16, 2011, Judge K. Gary Sebelius entered an order in the lien foreclosure suit staying the execution of its September 30, 2011, Judgment. The stay was to remain in effect until January 17, 2012,

pending an appeal of that judgment and provided that HLMP posted a $400,000 cash injunction bond by that day. On December 28, 2011, the Florida court issued an order approving disbursements and released the $400,000 injunction bond that had been posted as security in the event the court found that Dodson was wrongfully enjoined by the Florida TRO. The Florida court released $300,000 of the bond for use toward the supersedeas bond established by Judge Sebelius. The court ordered, in pertinent part:

> 2. The purpose of the injunction has been met due to the finding of the Kansas Court setting the lien amount and therefore this Court lifts the injunction.
> 3. The Court grants release of $300,000 from this court registry to be used toward satisfying the lien in Kansas.
> 4. The Clerk of the Court is directed to issue a check payable to the Clerk of the [U.S. District Court in Kansas] in the amount of $300,000.
> 5. The Court retains jurisdiction over this cause and the parties for the purposes of determining whether the injunction was wrongfully issued and whether Dodson defendants suffered any damages.

Dkt. No. 72, Ex. 2. The $300,00 was deposited with this court on January 9, 2012, and HLMP paid the remaining $100,000 on January 13. The parties agreed to dismiss their appeals in the lien foreclosure suit and the Tenth Circuit dismissed the case on January 18. The parties also submitted a joint motion with this court to direct the clerk to pay the full amount of Dodson's judgment, with interest, out of the $400,000 bond, which Judge Sebelius granted on January 19. The remaining funds are being held pending taxation costs.

**II. Discussion**

D. Kan. R. 7.3(a) allows a party to seek reconsideration of a dispositive order under Rule 59(e) or 60. Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." *Cessna Fin. Corp. v.*

3

*Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). Under Rule 60(b), the court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* The Rule is "not available to a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument," because this motion is not a substitute for an appeal. *Hillard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

*A. Rule 56*

First, the defendants contend that the court violated Fed. R. Civ. P. 56 by failing to provide them an opportunity to respond to Dodson's Cross-Motion for Partial Summary Judgment. Although Rule 56 does not specifically state that a party must be given an opportunity to respond to a motion for summary judgment, it certainly contemplates that a party be given time to do so. Rule 56(c) outlines the procedures for supporting and disputing factual assertions. Further, 56(f) provides that a court may grant summary judgment independent of a motion, but only "[a]fter giving notice and a reasonable time to respond." Upon review of the court's earlier decision, the court finds that it should have given HLMP an opportunity to respond to Dodson's Motion. Accordingly, the court vacates its prior Memorandum and Order granting Dodson's Cross-Motion for Partial Summary

4

Judgment. The court grants defendants until September 21, 2012, to file a response to Dodson's Cross-Motion for Partial Summary Judgment. Dodson shall have until October 5, 2012, to file its Reply.

Because the court grants the Motion, it will not determine at this time which state's law applies to the conversion issue.

*B. Subsequent Developments*

Additionally, in their Reply, the defendants also contend that this court should vacate its Order based on the developments in the lien foreclosure case because Dodson has now been paid all the money it was owed. The defendants also urge the court to reevaluate its decision under *Younger v. Harris*, 401 U.S. 37, 54 (1971) because the parties are currently involved in a Florida state case regarding the validity of the TRO. In light of the court's decision to vacate its previous Memorandum and Order, this court also believes it is appropriate for the parties to address these issues.

IT IS ACCORDINGLY ORDERED this 24th day of August 2012, that defendants Orlando Padron, Javier Jorda, and HLMP Aviation Corporation's Motion for Relief From Order Granting Summary Judgment on Conversion Claim, or in the Alternative, Motion for Order Allowing Interlocutory Appeal (Dkt. No. 69) is granted.

IT IS FURTHER ORDERED that the court vacates its earlier Memorandum and Order (Dkt. No. 68) and grants defendants until September 21, 2012, to file a Response to Dodson's Cross-Motion for Partial Summary Judgment. Dodson shall have until October 5, 2012, to file its Reply. In addition to addressing the merits of the conversion claim, the parties should also discuss the effect of the lien foreclosure suit on this case, if any, and the effect of the Florida case in light of *Younger v. Harris*.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
